IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMIE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CV-109-JED-FHM |
| v. ) | |
| ) | |
| ST. JOHN MEDICAL CENTER, INC.; ) | |
| ST. JOHN HEALTH SYSTEM, INC. ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The Court has for its consideration "Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint" (Doc. 27).

**I.     Background**

As alleged in the Amended Complaint, plaintiff is an African American woman, who was a Registered Nurse employed at St. John Medical Center (SJMC). She was the RN Case Manager. (Amended Complaint, Doc. 22 at ¶¶ 6, 12). On or about March 4, 2011, an African American patient was admitted to SJMC for treatment of Sickle Cell Anemia. Plaintiff asserts that she observed the patient in significant pain and was concerned with the defendants' lack of treatment of the patient. (*Id.*, ¶¶ 16, 18). She complained to resident physicians and her supervisor that the patient was not receiving minimum required medical treatment and that the patient's medical needs were being ignored by the defendants. (*Id.*, ¶¶ 18-20). Her supervisor told her to stop managing the patient's case, although managing the patient's case was part of her job responsibilities as RN Case Manager. (*Id.*, ¶ 21). Plaintiff's employment was terminated on or about March 15, 2011, and her supervisor told her that she was terminated for undermining a physician. (*Id.*, ¶¶ 22-23).

Based upon these and numerous other allegations, plaintiff has asserted discrimination claims pursuant to 42 U.S.C. § 1981, Title VII, the Oklahoma Anti-Discrimination Act and a public policy tort claim under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989). Defendants seek dismissal only of the *Burk* claim, and they filed an Answer in response to the other claims. (*See* Doc. 27, 28). According to the Amended Complaint, the *Burk* tort claim is premised upon plaintiff's allegation that she was fired for complaining about improper medical care being given to the patient with Sickle Cell Anemia. In support of that claim, she cites a number of nursing standards and regulations that impose penalties or set forth standards relating to proper medical care of patients. (*See* Doc. 22 at ¶ 29). Defendants move to dismiss the public policy tort claim, arguing that the nursing regulations cited cannot be the basis for plaintiff's claim.

## II.    Dismissal Standards

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555-56, 570 (citations omitted). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual

proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562.

*Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C*., 493 F.3d 1210, 1215 (10th Cir. 2007).

### III. Plaintiff's Allegations State a Plausible *Burk* Public Policy Tort Claim

In *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), the Oklahoma Supreme Court adopted a public policy exception to the at-will termination doctrine, which it defined as follows:

> We thus follow the modern trend and adopt today the public policy exception to the at-will termination rule in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law. We recognize this new cause of action in tort. It is well settled in Oklahoma a tort may arise in the course of the performance of a contract and that tort may then be the basis for recovery even though it is the contract that creates the relationship between the parties. An employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obligations.

770 P.2d at 28. The court further noted that such a claim is an "actionable tort claim under Oklahoma law . . . where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Id.* at 29.

Defendants assert that plaintiff's Amended Complaint does not state a *Burk* tort because, according to the defendants, plaintiff has not identified a clear mandate of public policy and has not set forth plausible facts establishing that she performed an act consistent with such policy.

3

(*See* Doc. 27 at 6). However, as noted, plaintiff cites nursing standards which generally require proper care be provided to patients. (Doc. 22 at ¶ 29). Moreover, it is certainly plausible that public policy mandates proper health care for patients under governing medical standards. Here, in addition to citing the nursing standards and public policy which she claims to mandate proper health care, her factual allegations support her claim that she was terminated for performing acts consistent with such policy. For example, she alleges:

16. Around March 4, 2011 an African American patient was admitted for treatment of Sickle Cell Anemia.

17. Plaintiff was the only black nurse and none of the physicians were black.

18. *Plaintiff observed the patient in significant pain and was concerned with Defendant's lack of treatment of the patient. Plaintiff reported her concerns to Defendant's resident physicians, including her concern that the patient was not being given the minimum required treatment.*

19. In response, *one resident physician replied that the patient did not "warm our hearts", indicating to Plaintiff that Defendant was conditioning treatment on the ability of the patient to warm their hearts.*

20. *Plaintiff also complained to her supervisor, Ms. Valenzuela, that the patient was not being provided necessary medical treatment and that the Defendant was ignoring the patient's medical condition and medical needs.*

21. Ms. Valenzuela appeared to be angry with Plaintiff for complaining and *told Plaintiff to stop managing the patient's case although this was part of Plaintiff's job responsibilities.*

22. Plaintiff was terminated around March 15, 2011.

23. Ms. Valenzuela told Plaintiff she was terminated because her employment "wasn't working out". Plaintiff asked for a specific reason for the termination, but Ms. Valenzuela told Plaintiff she wasn't required to provide a reason. Later in the day *Ms. Valenzuela told Plaintiff she was terminated for undermining a physician.* . . .

25. Motivating and/or significant factors in the decision to terminate the Plaintiff include her race and complaints of race discrimination and/or

4

> *her complaints of improper care Defendants were providing to a patient under their care.* At the least these factors were part of a mixture of motives such that Plaintiff is protected under the mixed motive doctrine.

(Doc. 22 at ¶¶ 16-23, 25) (emphasis added).

Accepting the factual allegations of the Amended Complaint as true and construing the allegations in the light most favorable to plaintiff, the Court concludes that the motion to dismiss should be denied. While plaintiff may ultimately not succeed on her *Burk* claim, at the pleading stage, she has presented enough well-pleaded facts and cited sufficient standards that state a plausible claim for relief under the *Burk* public policy tort exception.

IT IS THEREFORE ORDERED that the Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 27) is **denied**.

IT IS SO ORDERED this 25th day of September, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE